1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

6
7
8  WARREN PHILLIPS,                    CASE NO. 1:11-cv-00301-AWI-SMS

9            Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                        RECOMMENDING  DISMISSAL OF
10        v.                            COMPLAINT FOR FAILURE TO STATE A
                                        FEDERAL CLAIM
11  DONNA WRIGHT BERNSTEIN and
    DANIEL G. ROONEY,
12
             Defendants.               (Doc. 1)
13  _____/

14

15       Plaintiff Warren Phillips is a state prisoner proceeding *pro se* and *in forma pauperis* in

16  this civil rights action pursuant to 42 U.S.C. § 1983.

17  **I.    Screening Requirement and Pleading Standards**

18       The Court is required to screen complaints brought by prisoners seeking relief against a

19  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

20  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

21  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

22  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

24  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

25  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 915(e)(2)(B)(ii).

26  ///

27  **II.    Plaintiff's Complaint**

28       Plaintiff alleges claims in the nature of professional malpractice against Defendants. He

1  first claims that Defendant Donna Wright Bernstein, Plaintiff's attorney in a child custody hearing
2  for Plaintiff's daughter, negligently or intentionally permitted his daughter to be adopted without
3  prior termination of Plaintiff's parental rights.  Plaintiff further alleges that Defendant Daniel G.
4  Rooney, retained to represent Plaintiff in an appeal of the adoption action, failed to notify Plaintiff
5  of the timing of actions needed to preserve Plaintiff's right to appeal.  Plaintiff seeks damages and
6  a reversal of the adoption judgment.

7        Professional negligence is a state claim.  Section 1983 does not provide a cause of action
8  for violations of state law.  *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007);
9  *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385,
10 1391 (9th Cir. 1997); *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996); *Ybarra v.*
11 *Bastian*, 647 F.2d 891, 892 (9th Cir.), *cert. denied*, 454 U.S. 857 (1981).   Because Plaintiff does
12 not allege a cause of action under § 1983, this Court lacks jurisdiction of Plaintiff's claim.

13 **IV.   Conclusion and Recommendation**

14       Plaintiff's complaint fails to state a claim upon which relief may be granted.  Accordingly,
15 the undersigned **HEREBY RECOMMENDS** that this case be dismissed with prejudice.

16       These findings and recommendations are submitted to the Honorable Anthony W. Ishii,
17 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and
18 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
19 California.  Within thirty (30) days after being served with a copy, Plaintiff may file written
20 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling
22 pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff advised that failure to file objections within the
23 specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d
24 1153 (9th Cir. 1991).

25 IT IS SO ORDERED.

26 **Dated:    February 24, 2011**          **/s/ Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE
27

28